SUFFOLK COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81817.   Promulgated October 15, 1940.

*Thomas F. Boyle, Esq.*, for the petitioner.
*J. W. Smith, Esq.*, for the respondent.

SUPPLEMENTAL FINDINGS OF FACT AND OPINION.

STERNHAGEN: In an earlier opinion, *Suffolk Co., Ltd.*, 37 B. T. A. 1156, the Board held that the amount received by petitioner, a foreign corporation, as a refund of taxes on moneyed capital erroneously paid by its domestic predecessor to the city of New York, was not gross income from sources within the United States under section 119 (a), Revenue Act of 1932, and that for this reason the Commissioner's determination was erroneous. The decision upon that ground was reversed by the Circuit Court of Appeals for the Fourth Circuit, *Com-*

*missioner* v. *Suffolk Co., Ltd.*, 104 Fed. (2d) 505, and the cause was remanded for further proceedings and consideration of the question "whether the refund of the tax was income in the year 1932 [fiscal year ended January 31, 1933] under section 22 (a)."

It has been found that the moneyed capital taxes were paid by Blair & Co. in 1923, 1924, and 1925; that in 1929 Blair & Co. transferred its claim for refund thereof to the Suffolk Corporation, and in 1932 the Suffolk Corporation transferred it to petitioner; that the refund was received by petitioner on June 15, 1932; that each of the transfers was made pursuant to a plan of reorganization whereby the transferor exchanged substantially all its assets for all of the transferee's stock. It is now found further that all shares of the respective transferees were "thereupon distributed, pursuant to said plan of reorganization, *pro rata* to the shareholders" of the respective transferors; that the value of the refund claim at the time of its transfer to petitioner was its face amount, $426,773.12, and that on its income tax return for the period February 12, 1932, to January 31, 1933, petitioner stated "Company in liquidation."

The Commissioner argues, under the view that the transfers occurred in the course of "nontaxable reorganizations", that "petitioner is in the same position regarding its accountability for the refund for income tax purposes as though it had been received by its domestic predecessor", and that the predecessor, Blair & Co., had a basis of zero "in view of deductions having been previously claimed and allowed." Petitioner urges that "the absolute right to the refund so assigned had fully matured and accrued" in 1926 because in that year the New York Court of Appeals held that firms and corporations similar to Blair & Co. were not subject to the New York "moneyed capital tax", *People ex rel. Broderick* v. *Goldfogle*, 242 N. Y. 540; 152 N. E. 418; *People ex rel. Benkard* v. *Goldfogle*, 242 N. Y. 546; 152 N. E. 420; *People ex rel. Bankers Commercial Security Co.* v. *Goldfogle*, 242 N. Y. 545; 152 N. E. 420; *People ex rel. Talcott* v. *Goldfogle*, 242 N. Y. 544; 152 N. E. 420; that the amount should have been reported as income of 1926 by Blair & Co., which used an accrual method of accounting; that by assignment the claim was acquired by petitioner without any of the equitable burdens which might have been on Blair & Co. because of its prior deduction of the tax when paid; and that the refund when received by petitioner was only the cash realization of a capital asset consisting of the claim which it had received for its capital shares.

If the refund had been received by Blair & Co. in 1926, or later, the amount would then have been taxable to that corporation as income, for the benefit of deductions had been taken in the earlier years of payment and those years were no longer open for adjustment,

*Houbigant, Inc.*, 31 B. T. A. 954; affd., 80 Fed. (2d) 1012 (C. C. A., 2d Cir.); certiorari denied, 298 U. S. 669; *Nash* v. *Commissioner*, 88 Fed. (2d) 477 (C. C. A., 7th Cir.); certiorari denied, 301 U. S. 700. Cf. *Inland Products Co.* v. *Blair*, 31 Fed. (2d) 867 (C. C. A., 4th Cir.); *Central Loan & Investment Co.*, 39 B. T. A. 981. But the refund was not received by Blair & Co. Whether it was clearly enough accrued before Blair & Co. transferred the claim, so that it should have been treated as Blair & Co.'s accrued income, can not on this record be assuredly said. Blair & Co. did not itself recognize it as accrued income, and it is now fair to adopt the postulate that to Blair & Co. the claim was not income, either received or accrued. This is a distinction from *McLaughlin* v. *Harr*, 99 Fed. (2d) 638 (C. C. A., 3d Cir.), and *Helvering* v. *Missouri State Life Insurance Co.*, 78 Fed. (2d) 778 (C. C. A., 8th Cir.), in which the interest in question had been accrued by the predecessor and had been treated as its taxable income. The claim was transferred to the Suffolk Corporation, and in turn to the petitioner, solely in exchange for stock. Each of these exchanges was made, it is stipulated, in pursuance of a plan of reorganization, and hence no gain or loss was recognized, sec. 112 (b) (4). So far as can be ascertained or inferred from the present record, the shareholders of Blair & Co. and of the Suffolk Corporation immediately before and after the exchange in 1929 were identical, and this in turn was true as to the shareholders of Suffolk and of petitioner immediately before and after the exchange in 1932. The basis for computing gain or loss upon the cash realization of the claim "shall be the same as it would be in the hands of the transferor," sec. 113 (a) (7). This basis in the hands of Blair & Co. would have been zero because the deduction had been taken when the taxes were paid and Blair & Co. had retained the tax benefit unchanged by reason of any possible accrual of the refund, *Nash* v. *Commissioner, supra.*

The tax deduction to Blair & Co. in 1923, 1924, and 1925 was felt by the same shareholders as felt the recovery in 1932. They continued to own or control the shares of the corporation owning the claim, and there is no recognition of gain or loss resulting from the exchanges; the basis persists through the exchange transactions.

When, therefore, in 1932 the petitioner received the refund of $426,773.12, its basis was zero and it realized gain in the full amount, reducible only by the $45,009.40 expenses which it paid to obtain it.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

KERN dissents.